IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE PEP BOYS - MANNY, MOE &
JACK (INC.),

  Plaintiff,

v.

BUCKNER ELECTRIC COMPANY,
d/b/a BUCKNER ELECTRIC AND TREE
SERVICE AND COLUMBIA NATIONAL
INSURANCE COMPANY,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action
File No. **1 09-cv-3351-JEC**

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief

factual outline of the case including plaintiff's contentions as to what defendants did

or failed to do, and a succinct statement of the legal issues in the case.

**Plaintiff seeks contractual indemnity from both defendants for the funds**

**it expended in the settlement and defense of an underlying tort action.**

**Rodney Benefield, an employee of defendant Buckner Electric Company,**

**injured himself when he was caught in a conveyor system on April 8, 2004 while**

**replacing lighting fixtures at the Pep Boys Warehouse in McDonough, Georgia.**

**Benefield sued Pep Boys for his injuries.  Buckner Electric Company was**

performing the lighting maintenance and replacement work at the Pep Boys warehouse under subcontract with Sylvania Lighting Services Corporation. Section 10 of that Subcontractors Agreement provides as follows:

Subcontractor shall furnish to the Contractor certificates of insurance covering full liability under Workers' Compensation, General Liability and Property Damage, for bodily injury and p roperty damage in amounts of $2,000,000 for bodily injury and $1,000,000 property damage and naming Contractor and Customer as additional insureds or such larger amounts as Customer or Contractor shall reasonably request.  Such insurance shall be primary and shall solely respond to all claims pursuant to this Agreement.

All work covered by this agreement and performed at the Customer's work site or in preparing or delivering materials to work site shall be at Subcontractor's risk.

Subcontractor agrees to indemnify and hold harmless Contractor and Customer against any claims, actions, demands, damages, liabilities or expenses, including attorney fees, incidental, indirect costs or damages of any kind, for personal injury or death or for loss of use or damage to property or any or all other claims arising out of or in any way connected with this agreement or the

performance of, or failure to perform work pursuant to this Agreement by Subcontractor or its agents, except to the extent of the negligence of Contractor.

Defendant Columbia National Insurance Company provided the insurance coverage which Buckner was required to obtain to protect Sylvania and its customer Pep Boys under the subcontractor quoted above.

Pep Boys, after extensive litigation with Benefield, settled his personal injury lawsuit against Pep Boys for $85,000.00. Pep Boys expended $49,125.00 in attorney's fees in defense of the Benefield action, expending an additional $17,009.92 plus costs of defense, including $13,462.96 in expert fees, for a total of $151,134.92.

Pep Boys is suing both defendants as a third-party beneficiary to the subcontract between Buckner and Sylvania and the insurance contract between Buckner and Columbia National Insurance Company to recover its $151,134.92, plus pre-judgment interest and its attorney's fees in pursuing this action, which defendants have failed and refused to pay upon demand by plaintiff.

The legal issues to be tried are as follows:

(1) Liability of Buckner to Pep Boys under contract;

(2) Liability of Columbia National Insurance Company to Pep Boys (and

**Buckner) under contract; and**

(3) **Damages.**

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Georgia statutory and case law generally on the subject of contracts, third–party beneficiary contracts and indemnifications.**

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information (Attach witness list to Initial Disclosures as Attachment "A").

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.26(a)(2)(b), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment "B").

(5) Provide a copy of, or a description by category and location of, all documents, data, compilations and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for

impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment "C").

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment "D").

**Special Damages: (1) $85,000.00 - settlement check and settlement agreement; (2) $49,125.00 in attorney's fees - invoices and checks in payment; (3) $17,900.92 in costs of defense - invoices and checks in payment; (4) interest on damages at appropriate legal rate; (5) attorney's fees for stubborn litigiousness, bad faith and unnecessary trouble and expense.**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment "E").

(8) Disclose the full name, address and telephone number of all persons or legal

entities who have a subrogation interest in the cause of action set forth in plaintiff's

cause of action and state the basis and extent of such interest.

**No one.**

Respectfully submitted this 16th day of December 2009.

GILLILAND, RATZ & BROWNING, P.C.

By: /s/ Charles Ratz
    Georgia Bar No. 595325
    Attorneys for Plaintiff

1455 Lincoln Parkway
Suite 300
Atlanta, GA 30346
(770) 859-9950
cratz@rbglaw.net

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE PEP BOYS - MANNY, MOE & )
JACK (INC.), )
)
)
Plaintiff, )        Civil Action
)        File No. **1 09-cv-3351-JEC**
v. )
)
BUCKNER ELECTRIC COMPANY, )
d/b/a BUCKNER ELECTRIC AND TREE )
SERVICE AND COLUMBIA NATIONAL )
INSURANCE COMPANY, )
)
Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date electronically filed Plaintiff's Initial

Disclosures with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to the following attorney of

record:

Richard C. Foster
Hicks, Casey & Foster, P.C.
136 N. Fairground Street
Marietta, GA 30060
(770) 428-1000
richard.foster@hickscasey.com

THIS 16th day of December 2009.



/s/ Charles Ratz
Georgia Bar No. 595325
Attorneys for Plaintiff




**GILLILAND, RATZ & BROWNING, P.C.**
1455 Lincoln Parkway
Suite 300
Atlanta, GA 30346
(770) 859-9950
cratz@rbglaw.net

ATTACHMENT "A"

Rodney Benefield (n/k/a Elijah Dale Kilgore)

Address and phone number currently unknown

Testimony regarding the underlying lawsuit brought by him against Pep Boys, his employment by Buckner Electric, settlement of the underlying lawsuit, related issues

Mark Buckner

Address and phone number currently unknown

Testimony regarding contracts between Sylvania Lighting Services Corporation and Buckner Electric Company, employment of Rodney Benefield, injury of Rodney Benefield, retention of insurance from Columbia National Insurance Company, notice of claim/incident given to Columbia National Insurance, failure of Columbia National Insurance Company to disclaim coverage, related issues

Representatives of Pep Boys and Sylvania Lighting Services Corporation:

Identifications, addresses and phone numbers currently unknown

Testimony identifying contract between Pep Boys and Sylvania, testimony identifying subcontract between Sylvania and Buckner

<u>Beverly Gordon:</u>

Mr. James Solinger
Claims Supervisor/Manager
The Pep Boys
3111 West Allegheny Avenue
Philadelphia, PA 19132

      Claims Supervisor for Pep Boys. Testimony establishing settlement payment,

attorney's fees and costs of defense incurred and paid in underlying lawsuit

<u>H. L. Cromartie, III</u>

401 Broad Street
Rome, GA 30162
(706) 802-0251

      Attorney.    Testimony establishing the merits of the <u>Benefield</u> action as necessary

ATTACHMENT "B"

Plaintiff has not retained an expert who may testify at trial and as of this date does not anticipate the need for an expert witness

ATTACHMENT "C"

1.    All pleadings, motions, briefs, affidavits and other evidence filed and of

record in the underlying case of <u>Rodney Benefield v. The Pep Boys -</u>

<u>Manny, Moe & Jack (Inc.)</u>, Civil Action File No. 05-CV-2729-M in the

Superior Court of Henry County, Georgia (hereinafter the "Benefield

Action"). These documents are on file with the Superior Court of Henry

County, Georgia and copies are in possession of plaintiff's counsel

2.    Transcribed and videotaped deposition of Rodney Benefield taken on May

17, 2006 in the Benefield Action. Plaintiff's counsel possesses copies of the

transcript and the videotape. The Superior Court of Henry County, Georgia

possesses the original.

3.    Transcribed deposition of Mark Buckner taken on May 17, 2006 in the

Benefield Action. Plaintiff's counsel possesses copies of the transcript and

the Superior Court of Henry County, Georgia possesses the original.

4.    Subcontractor's Agreement between Sylvania Lighting Services

Corporation and Buckner Electric Company dated March of 2004.

Plaintiff's counsel has copies.


5.    Columbia National Insurance Policy #CTPGA15771 issued to Buckner

Electric Company.  Presumably defendants each have a copy.

6. Certificate of Liability Insurance dated April 23, 2004 from Thompson Insurance Company naming the Columbia Insurance Group as the Comprehensive General Liability Insurance carrier for Buckner Electric under policy #CTPGA15771.  Plaintiff's counsel possesses a copy.

7. Lighting Services Agreement dated October 31, 2003 between Sylvania Lighting Services Corporation and Pep Boys.  Plaintiff's counsel possesses a copy.

8. Settlement check in the amount of $85,000.00 payable to Rodney Benefield/Elijah Dale Kilgore.  Plaintiff's counsel possesses a copy or can procure one.

9. Invoices for services rendered and costs expended in the defense of the Benefield action by Pep Boys.  Pep Boys and plaintiff's counsel possesses copies.

10. Checks tendered in payment of attorney invoices by Pep Boys for defense of Benefield Action.  Pep Boys and plaintiff's counsel can produce.

11. Invoices of expert hired in connection with defense of Benefield Action and checks tendered in payment of same.  Pep Boys can produce.